In care of"
**Arthur of the Family Wittenberg,**
(Private American National/Non- "U.S. citizen)
c/o rural route delivery
suite five seven eight six seven
loyola avenue–seven zero one
new orleans, louisiana 00000
witt@wittenbergfamily-trust.com
504-451-5770
August 29, 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **Arthur of the Family Wittenberg**<br>(Private American National/Non- "U.S. citizen)<br>Rural Route Delivery<br>701 loyola avenue, unit 57867<br>new orleans, louisians 00000<br>*PLAINTIFF*<br><br>vs.<br><br>**BRIAN VAN COUYGHEN**<br>**d/b/a judge**<br>222 Quaker Lane.<br>Warwick, Rhode Iland 02886<br>*DEFENDANTS* | **CASE NO.**<br><br>Jury trial demanded |

### 5.5 MILLION DOLLAR CLAIM AGAINST BRIAN VAN COUYGHEN, d/b/a, judge, FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT OF 1946, OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE, AND VIOLATION OF CONSTITUTIONAL RIGHT UNDER COLOR OF LAW
["Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

NOW COMES, the Plaintiff who will formally introduce himself to this court, as the real man, Arthur of The Family Wittenberg, a Private American National/Non "U.S. citizen", Executor, Grantor, Settlor, Agent, and Beneficiary, of the Estate of ARTHUR WITTENBERG, one of we the people, and not the artificial entity known as ARTHUR WITTENBERG, who is not an attorney of the BAR, before this court by special appearance, without waiving any rights, defenses, statutory or procedural, before this court to enter this NOTICE OF CLAIM. Brian Van Couyghen, d/b/a, judge, violated the "administrative Procedures Act of 1946, and obstructed the administration of justice. Brian Van Couyghen, d/b/a, judge, also violated the following criminal statutes in his judgment including but not limited to: 18 USC § 241, Conspiracy Against Rights; 18 USC § 242, Deprivation of Rights Under Color of Law; 18 USC § 1505, Obstruction of Justice; 18 USC § 371, Conspiracy to Commit Offense; 28 USC § 535(b)(1), when he took unlawful jurisdiction on August 3, 2023, after Continuing what was supposed to be the Defendants Motion for Emergency Hearing for a Temporary Restraining Order and Permanent Injunction (TRO), and Dismissal of the Plaintiff case, which HEARING date was continued until to August 31, 2023, after the court learned the Plaintiff did not live in the state of Rhode Island, and more importantly, the Plaintiff was not living in the physical property known as 24 Ninigret, Warwick, Rhode Island, which the court was led to believe, and the Res of the Defendants Emergency Hearing. When the court learned the Plaintiff did not live in the State of Rhode Island, the court GRANTED the Plaintiffs MOTION FOR CONTINUANCE, and set a new date

of August 31, 2023, to hear (TRO) matter.

## I. Introduction and Statement of The Case

On May 2, 2023, Plaintiff instituted a law suit agains; Caterine V. Eastwood, John McNicholas, the law office of KORDE & ASSOCIATES, P.C., NEW YORK COMMUNITY BANCORP, INC d/b/a FLAGSTAR BANK, James K. Ciroli, CFO, the Plaintiffs COMPLAINT TO QUIET TITLE AND COLLATERAL ATTACK, which to this date none of the Defendants has not filed an answer to. Even though the Law Firm KORDE & ASSOCIATES, P.C., and its employees namely Caterine V. Eastwood, John McNicholas, are barred from pleading because they are named Defendants in the instant case, attorney John McNicholas, filed a MOTION TO DISMISS, requesting a HEARING date of September 25, 2023, on behalf of the Law Firm KORDE & ASSOCIATES, P.C., Caterine V. Eastwood, and himself, this is not allowed; *The reasoning behind the Triton ruling appears to be that a corporation is a separate legal entity, and thus the statutory provision (1) authorizing people to represent themselves in court would not apply to corporations because the corporation officer, employee, or shareholder purporting to represent the corporation would be representing a separate and distinct legal entity and not himself; and (2) prohibiting non-attorneys from representing others in court would apply, see also 28 U.S.C.§ 1654, and Fed, rule 5,* " It is an artificial entity created by law. Being an artificial entity, it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys." The Defendants are clearly acting with deliberate indifference to the rules and laws that governs the court, and the court appears to be condoning said actions, to date the Defendants have never mailed any of the pleadings that they filed on the court dockets to the Plaintiff, in fact whenever a new filing appears on the docket the Plaintiff has to fly or drive to Rhode Island to obtain a copy to respond to said MOTIONS, moreover the Plaintiff had to file a MOTION FOR EQUAL ACCESS, to gain access to court filing because Plaintiff is an out-of-state litigant, and this gives the Defendant an unfair advantage. and states

1.1 On May 26, 2023 Defendants separately filed a motions to dismiss for failure to state a cause of action. A copy of the motion was not mailed to Plaintiff, Plaintiff learned of this action from reading the Rhode Island case search.

1.2 On June 1, 2023 the Plaintiff filed a Response and MOTION TO STRIKE ATTORNEYS PLEADING AND APPEARANCE of John McNicholas, because the law bars their pleadings (which MOTION is still unanswered). **See Exhibit A**, a copy of motion.

1.3 While in town filing the Plaintiffs Response and MOTION TO STRIKE ATTORNEYS PLEADING AND APPEARANCE of John McNicholas, Plaintiff inquired how to obtain access to the online files and was informed by the clerk that he must do so online.

1.4 Plaintiff requested access online through the help desk support link and was DENIED. **See Exhibit B**, a copy of the request and denial.

1.5 On June 1, 2023, Plaintiff filed a OBJECTION TO HEARING DATE SET BY DEFENDANTS AND NOTICE OF HEARING,(which MOTION is still unanswered). **See Exhibit C**, a copy of motion.

1.6 Due to the fact of ongoing disrespect for the Court and the rules that govern it displayed by the Defendants who were working in harmony and not supplying the Plaintiff with motions they filed on court records, the Plaintiff came in town to file a MOTION FOR EQUAL ACCESS, on July 13, 2023.(which MOTION is still unanswered). **See Exhibit D**, a copy of motion.

1.7 On July 13, 2023, court docket show the Defendants MOTION FOR EMERGENCY HEARING for a TEMPORARY RESTRAINING ORDER and PERMANENT INJUNCTION (TRO). **See Exhibit E**, a copy of Court docket. Although the docket shows the date of July 13, 2023, the Plaintiff who has been monitoring the court dockets did not see this entry until July 28, 2023, and it appears as if this has been inserted in the courts records.

1.8 On July 28, 2023 While reading the entry's on the court docket Plaintiff notice the HEARING set for August 3, 2023, which was unknown to him at that time, because it was after business hours the Plaintiff waited until Monday to contact the attorney Tom Lyons.

1.9 On July 14, 2023, a MOTION TO APPEAR PRO HAC VICE, was file by an out of state attorney who claims to be counsel for Flagstar bank, and to date the Plaintiff have not received a copy of this motion, but the motion was GRANTED on August 1, 2023.

1.10 On Monday August 31, 2023, Plaintiff contact the office of Thomas Lyons, to inquire about the HEARING, then left a message with the office receptionist and followed-up with a email to him as well. **See Exhibit F**, a copies of email conversation.

1.11 On Monday August 31, 2023, after speaking with Thomas Lyons, Plaintiff checked the junk mail and fond a email was sent by Lyons on July 24, 2023, and not July 13, 2023 as the court was told. **See Exhibit F**, a copies of email conversation.

1.12 Plaintiff overnighted a MOTION FOR CONTINUANCE, to a business associate who filed motion on the court docket, as the Plaintiff diligently sought to find a flight to Rhode Island on such a short notice. **See Exhibit G**, a copy of the plane ticket.

1.13 The docket sheet shows that Brian Van Couyghen, d/b/a, judge, of the Kent County Superior Court, was set to hear the Defendants MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND REQUEST FOR EMERGENCY HEARING, that was manufactured with fraudulent accusations, false pretense, and untruthful affidavit, on August 3, 2023. The Defendants were also trying to joined they're MOTION TO DISMISS.

1.14 On August 3, 2023, when the was attempting to move forward with the HEARING, the Plaintiff respectfully as the court to consider his MOTION FOR CONTINUANCE, the court did so and GRATED the Plaintiffs MOTION and set a new date of August 31, 2023.

1.15 However, after granting the MOTION FOR CONTINUANCE, while the court was

delivering the ORDER, the Defendants attorney asked if the court would allow them to change the locks on the property, the Plaintiff placed to protect the interest of the TRUST.

1.16 Although the Brian Van Couyghen, d/b/a, judge, just continue that matter until August 31, 2023, he agreed to the Defendants request.

1.17 The docket shows the Plaintiff's "MOTION FOR CONTINUANCE," was heard and GRANTED on August 3, 2023, but, Brian Van Couyghen, d/b/a, judge, ignored his ORDER, and gave an unfair advantage to fellow BAR members, when he included the Defendants request within the ORDER to CONTINUE. This action can only be viewed as a temporary restraining order. see docket sheet Granting Defendants MOTION in part, which is not lawful to do, because the TRO MOTION was not to be HEARD until August 31, 2023. **Exhibit E**

This court has a pattern of ignoring the rules and siding with the Defendants as if colluding with the Defendants, and has continued to shield the Defendants from responding to the complaint and is offering an unfair advantage to fellow BAR members, who continue to ignore all civil action procedures with blatant disrespect and deliberate indifference to the rules and laws that governs our justice system. It is abundantly obvious that justice is not the objective of this court but, rather protecting fellow BAR members at all cost, and who is willingly and knowingly using the law and this court has a cloak of maliciousness.

## II. Plaintiff Challenges Brian Van Couyghen, d/b/a, judge, Jurisdiction:

2.1 The plaintiff did not sign or agree to allow jurisdiction to HEAR the Defendants MOTION for TRO. whereby Brian Van Couyghen, d/b/a, judge acted without Jurisdiction and his judgment is void.

2.2 The jurisdiction of a court over a hearing and more importantly subject matter has been said to be essential, necessary, indispensable and an elementary prerequisite to the exercise of judicial power. 21 C.J.S., "Courts," § 18, p. 25.

2.3 A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

2.4 It is elementary that the jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act. Without it the court lacks any power to proceed; therefore, a defense based upon this lack cannot be waived and may be asserted at any time.

2.5 "Once the impartiality of s judge is challenged, The law requires the automatic disqualification of Judge's under certain circumstances. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified.

### III. Failure to Respond:

3.1 If a Defendant fails to answer the complaint or file a motion to dismiss within the time limit set forth in the summons, the defendant is in default.

3.2 The Plaintiff can ask the court clerk to make a note of that fact in the file, a procedure called entry of default.

3.3 Entry of default means that because the Defendant has failed to appear, the defendant will not be permitted to contest whether he or she is liable to the plaintiff.

3.4 Instead, the only question in dispute is how much the Plaintiff should receive in damages.

### IV. Reservation of Rights:

4.1 I reserve my right not to be compelled to perform under any contract, commercial agreement that I did not enter knowingly, voluntarily, and intentionally. And furthermore, I do not and will not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement.

4.2 I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

4.3 The code is complementary to the common law, which remains in force, except where displaced by the code.

4.4 A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law.

4.5 The code was written as not to abolish the common law entirely.

4.6 I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction.

4.7 I'm only aware of two jurisdictions the court can operate under as per the Constitution, and those jurisdictions are Common Law, and Admiralty Jurisdiction.

4.8 If the court chooses to proceed under Admiralty Jurisdiction, I' will need the court to inform me where I' can find the rules of procedures for admiralty jurisdiction for my review, to avoid any violation of my due process.

### V. Jurisdiction:

5.1 The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law.

5.2 The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2.

5.3 Congress vests federal district courts with subject-matter jurisdiction over cases involving

questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## VI. Admiralty Jurisdiction

6.1 Admiralty law is the law of the sea; the United States' Constitution is the "supreme Law of the Land".

6.2 I have tried to find the law books explaining the admiralty jurisdiction on land and I have not located them, and therefore I'm at an unfair disadvantage in court.

6.3 The rules for sea do not apply to me because I'm not at sea and I did not consent to contract.

## VII. Elements for Common Law:

7.1 Controversy (The listed defendants)

7.2 Specific Claim (Brian Van Couyghen, d/b/a, judge, also violated; the administrative Procedures Act of 1946, obstructed the administration of justice, and the following criminal statutes in his judgment including but not limited to: 18 USC § 241, Conspiracy Against Rights; 18 USC § 242, Deprivation of Rights Under Color of Law; 18 USC § 1505, Obstruction of Justice; 18 USC § 371, Conspiracy to Commit Offense; 28 USC § 535(b)(1),)

7.3 Specific Remedy Sought by Claimant (5.5 million dollars)

7.4 Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

## VIII. Parties:

8.1, Arthur of the family Wittenberg, is a resident of orleans, parish, loisiana.

8.2 Brian Van Couyghen, d/b/a, judge, sits on the bench in SUPERIOR COURT KENT COUNTY STATE OF RHODE ISLAND.

## IX. Detrimental Reliance:

9.1 Detrimental reliance is a legal concept under the law of contracts.

9.2 Ordinarily, a valid contract requires a proper exchange of consideration between the parties.

9.3 The plaintiff alleges facts establishing detrimental reliance.

9.4 The contract providing jurisdiction to Brian Van Couyghen, d/b/a, judge, was not signed by any of the parties and is not filed in the case, and therefore the Plaintiff did not provide consent for Brian Van Couyghen, d/b/a, judge, to be involved in this case.

## X. Legal Prejudice

10.1 Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party.

10.2 In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

10.3 The Plaintiff provided evidence that he did not, had not, and is not, occupying the property, only protecting the said property as TRUSTEE, of the TRUST, the property was placed in, and the Deed of trust is still in the Beneficiary's name. Moreover, that proves the power of sale was executed by an agent without standing. Brian Van Couyghen, d/b/a, judge, ignored the evidence and this prejudiced the Plaintiff and Plaintiff therefore request and damages both compensatory and punitive as relief for the prejudice suffered.

## XI. The Judge Is In Conflict:

11.1 The Judge in this case has a conflict of interest as both are members of a of the BAR whereby belong to the same professional association.

11.2 The fact Judges and Attorneys always refuse to reveal that he was in fact HEARING a matter a proper hearing or jurisdiction when questioned shows Brian Van Couyghen, d/b/a, judge, acted without proper jurisdiction and that he helping the Defendant in secret but, they did not want Plaintiff to notice the action.

11.3 This means the Bar Association is, in fact, a secret society.

11.4 If the Judge and Attorney are Freemasons they would be part of the secret society and according to the HANDBOOK OF MASONRY by Ron Anyne, page 183: "You must conceal all the crimes of your brother Mason....and should you be summoned as a witness against a brother Mason be always sure to shield him. It may be perjury to do this, it is true, but you're keeping your obligations." The Judges, alliance with the secret society and the B.A.R. association is a conflict of interest and any decisions must be vacated.

## XII. Count One:

12.1 **Violation of the Administrative Procedures Act of 1946.**

The evidence clearly show the court is, and has, given the Defendants an unfair advantage though it actions, **meeting the first element required,** and when Brian Van Couyghen, d/b/a, judge, decided to ODER a (TRO) directly after moving that MOTION to another date, shows his Arbitrary personal whim to without reason or system based of his random choices, **meeting the second element required,** Even after it was proven that the accusations allege by the Defendants to the court were not factual, Brian Van Couyghen, d/b/a, judge, ignored the laws and rules, more importantly Brian Van Couyghen, d/b/a, judge, ignored his own ORDER. Standard of review is required for formal rule making and formal adjudication. **meeting the third element required.**

## XIII. Count Two:

13.1 **Obstruction of the Administration of Justice.**

Brian Van Couyghen, d/b/a, judge, is Interfering with due process of law and the civil procedures of court, and his own ORDER.

### XIIII. Count Three:

14.1 **Violation of the 18 USC § 241, Conspiracy Against Rights.**

It's obvious that Brian Van Couyghen, d/b/a, judge, is colluding with fellow BAR members in an effort to dismiss the Plaintiff case

### XV. Count Four:

15.1 18 USC § 242, Deprivation of Rights Under Color of Law.

Although Brian Van Couyghen, d/b/a, judge, did not have the Plaintiffs authority to do so, he move forward with his order regardless of the laws and rules that govern the court.

### XVI. Count Five:

16.1 **18 USC § 1505, Obstruction of Justice.**

### VXII. Count Six.

17.1 **18 USC § 371, Conspiracy to Commit Offense.**

### In Conclusion:

By and through his Judgment, Brian Van Couyghen, d/b/a, judge, unlawfully rendered assistance to the Defendants by allowing the Defendants MOTION in an ORDER to continue, and chance to evade answering the complaint that was filed in the court. Brian Van Couyghen, d/b/a, judge, possessed knowledge of the Defendants failure to comply with the rules, and the MOTION the Defendants, were requesting that was not being heard at that time had no merits and he had a mandatory duty to administer statutes and laws established by the legislature, but maliciously neglected his judicial duties-which is treason. In effect, Brian Van Couyghen, d/b/a, judge, acted outside the scope of his judicial capacity to maliciously neglect Constitutional and statutory rights violations occurring to Plaintiff. Every one of these willful, prejudicial, and illegal acts and omissions favor the Defendants to the detriment of the Plaintiff and have without a doubt left Brian Van Couyghen, d/b/a, judge, impartiality in question. Statute 28 USC § 455expressly forbids a judge to continue under these circumstances. Levies war against them or adheres to their enemies, giving them aid and comfort within the United States, or elsewhere, is guilty of treason... and shall be incapable of holding any office under the United States." Concurrently, Brian Van Couyghen, d/b/a, judge, malfeasance in public office demonstrates his allegiance to the B.A.R. Association and their unlawful designs against democracy in the United States.

Brian Van Couyghen, d/b/a, judge, willfully and knowingly turned a blind eye to the sadistic ritual abuse of Plaintiff by maliciously neglecting his judicial duties. The record clearly reflects his prejudicial disposition toward the Plaintiff in his arbitrary decision making and malicious

neglect of his mandatory duty to grant a TRO where the Defendants matter was not being heard.

The authorizing of deliberate deprivations and arbitrary decision-making by Government officials violates basic Constitutional norms. Furthermore, since statutory law is instructive to common law and Brian Van Couyghen, d/b/a, judge, violated several criminal statutes, he demonstrated extrajudicial conduct which will render his judgment void. The plaintiff will move the court for the settlement hearing, and is requesting the Judge to order the defendants to appear to discuss the settlement amount.

August 29, 2023

Respectfully Submitted,

---

**Arthur of the Family Wittenberg,**
(Private American National/Non- "U.S. citizen)
C/O
Rural Route Delivery
c/o rural route delivery
suite five seven eight six seven
loyola avenue–seven zero one
new orleans, louisiana 00000
witt@wittenbergfamily-trust.com
504-451-5770

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished, by USPS 1st Class Certified Mail postage prepaid, this 29th, day of August 2023 to:

Serve to:
**BRIAN VAN COUYGHEN**
**d/b/a judge**
222 Quaker Lane.
Warwick, Rhode Iland 02886

Mail by:

**Arthur of the Family Wittenberg,**
(Private American National/Non- "U.S. citizen)